1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,            No. 4:16-CR-6046-SMJ-2

8              Plaintiff,                ORDER DENYING DEFENDANT'S
                                         MOTION FOR RECONSIDERATION
9   vs.
                                         **ECF No. 69**
10  GUSTAVO NEGRETE-

11  VILLALOBOS,

12             Defendant.

13      On Monday, October 17, 2016, the Court conducted a hearing on

14  Defendant's motion to reconsider the Court's order granting detention (ECF No.

15  69).  Defendant appeared, in custody, with Assistant Federal Defender Jeffrey

16  Dahlberg, and was assisted by state court-certified interpreter Jeremias Chambers.

17  Assistant United States Attorney Laurel Holland represented the United States.

18
        The Court finds by a preponderance of the evidence that Defendant is a risk
19
    of non-appearance for the following reasons.  First, Defendant has foreign ties.
20
    Defendant is a Mexican citizen and national, which provides him the ability to

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 1

1    travel without seeking documentation from the United States authorities.  He lived

2    in Mexico for the first eight years of his life, has three siblings that remain in

3    Mexico with whom he has contact, and he is a fluent Spanish speaker.  Second,

4    Defendant does not have legal authority to be present or work in the United States.

5    Third, Defendant has insufficient ties to the community.  He has no verifiable work

6    history in the United States or in this district, since he discontinued schooling

7    approximately seven years ago.  Defendant does have parents and siblings in the

8    community, but the Court finds this does not outweigh the presence of other

9    factors.  He has a three year child with whom he does not currently have visitation

10   rights.  Fourth, Defendant has a prior charge in 2011, where he used a different

11   name than the name under which he is currently charged.  ECF No. 32 at 2.  Fifth,

12   Defendant has three prior state court cases in which he failed to appear and bench

13   warrants were issued for his arrest on four separate occasions, in August 2014,

14   September 2014, in January 2016, and in February 2016.  ECF No. 32 at 2-3.  In

15   the most recent state case, he failed to appear for a hearing in February 2016 and

16   the bench warrant was not executed until his arrest on the instant federal matter, in

17   late September 2016, indicating he had failed to address that matter for a period of

18   seven months.  ECF No. 32 at 3.  In addition to the failures to appear, Defendant

19   had a prior state criminal matter deferral revoked, all of which indicate a history of

20   and unwillingness to abide by court-imposed conditions.  ECF No. 32 at 2.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 2

1    The charge in this case carries a ten-year mandatory minimum penalty, if

2    convicted.  In addition, the United States represented that the advisory guideline

3    range for the amount of drugs alleged in the indictment was approximately 12

4    years.  Moreover, if a conviction were to result, this offense carries presumptive

5    mandatory deportation for an individual who is illegally present in the United

6    States and the inability to seek legal status on the United States.  Given that the

7    weight of the evidence is strong (although the least important of the factors),

8    coupled with the mandatory minimum sentence and the immigration consequences

9    if convicted, such factors provide substantial incentive to fail to appear and face

10   the instant charges.

11

12       Defendant requested that his mother be permitted to serve as a third-party

     custodian.  The Court finds such an arrangement is an insufficient condition to

13

14   assure appearance at future court proceedings.  According to Defendant, he was

     living with his mother, at the proposed release address, at the time he failed to

15

16   appear and was revoked on the four state criminal matters and also at the time

     when the instant federal criminal allegations arose.  Moreover, Defendant

17

18   requested that his mother sign an unsecured $20,000 bond, with ten percent down.

     According to Defendant, his mother is disabled and unable to work; as a result, the

19

20   Court has no reason to believe this bond could be effectuated if Defendant were to

     fail to appear.  An unsecured bond under these circumstances is insufficient to

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 3

1 | reasonably assure the Court that Defendant would appear at future court

2 | proceedings.

3 |

4 | Given this is a case where the presumption of detention applies, the Court

finds that the previously-issued detention order is appropriate.  The Defense

5 | Motion for Reconsideration (**ECF No. 69**) is **DENIED**.

6 | DATED October 17, 2016.

7 | s/Mary K. Dimke
MARY K. DIMKE

8 | UNITED STATES MAGISTRATE JUDGE

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION - 4